**BRADY–HAMILTON STEVEDORE COMPANY and Fireman's Fund Insurance Company, Petitioners,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent.**

No. 84–7819.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 1985.

Decided Dec. 26, 1985.

John Dudrey, Williams, Fredrickson, Stark, Hiefield, Norville & Weisensee, Portland, Or., for petitioners.

Marianne D. Smith, Washington, D.C., for respondent.

Before GOODWIN and FARRIS, Circuit Judges, and STEPHENS *, District Judge.

STEPHENS, Senior District Judge.

Adams was a fifty-seven year old longshoreman on March 16, 1973, when he accidentally injured his back at work. Adams had experienced back problems dating as far back as 1953. After the 1973 injury, he was unable to return to his regular longshoring duties, and on May 22, 1974, he had a laminectomy to remove a bulging disc.

Adams filed a claim for permanent total disability against his employer, Brady-Hamilton Stevedore Co., and its workers' compensation insurance carrier, Fireman's Fund Insurance Co. (Employer) under the Longshore and Harbor Workers' Compensation Act, as amended, 33 U.S.C. Sections 901–950 (the Act). A formal hearing on the

---

* The Honorable Albert Lee Stephens, Jr., Senior United States District Judge for the Central Dis- trict of California, sitting by designation.

matter was held in 1978, and the ALJ awarded Adams compensation for a permanent total disability which dated from the injury in 1973.

When permanent total disability is not solely attributable to an injury suffered on the job, an employer is entitled to relief from the full burden of the appropriate weekly payments of the compensation award. The employer is liable for 104 of the payments. 33 U.S.C. Section 908(f)(1) (1982). Thereafter, the payments continue indefinitely, but they come from a special fund composed of contributions from all employers in the industry. 33 U.S.C. Section 908(f)(2) (1982). However, a claim for relief must be made by the employer at the first hearing (which is usually all that is necessary) to assure that all factual issues are known and subject to litigation at the same time. This is known as Section 8(f) relief, as a section 8(f) defense, or a special fund defense. *See* 33 U.S.C. Section 908(f) (1982).

■ Relief under Section 8(f) is dependent upon a finding of fact that an existing permanent disability which is manifest to the employer contributed to the resulting disability. Failure to claim Section 8(f) relief at the first hearing is considered a waiver of such relief and it will not thereafter be considered. *Verderane v. Jacksonville Shipyards, Inc.*, 772 F.2d 775, 777–78 (11th Cir.1985); *American Bridge Division v. Director, OWCP*, 679 F.2d 81, 83–84 (5th Cir.1982); *General Dynamics Corporation v. Director, OWCP*, 673 F.2d 23 (1st Cir.1982) (per curiam); *Avallone v. Todd Shipyards Corporation*, 13 BRBS 348, 350, BRB Nos. 79–647, 79–647A, *petition for review denied* 672 F.2d 901 (2nd Cir.1981). Whether the matter of Section 8(f) relief may be considered is a procedural legal matter and not a question of fact which requires the ALJ to make a finding based upon substantial evidence. *See* 33 U.S.C. Section 921(b)(3).

In support of the employer's argument that Section 8(f) relief should have been allowed in this case, the case of *Egger v. Willamette Iron & Steel Co.*, 9 BRBS 897, 899, BRB No. 78–322 (1979) was cited by the employer as carving out an exception to the rule and the employer claimed that the present case falls within it. In *Egger*, the claim to relief based on Section 8(f) was asserted at the first hearing as the rule requires. The claimant objected to the employer raising the Section 8(f) defense at the first hearing, but the employer specifically indicated at that time that it did not intend to waive the issue. The parties agreed that the Section 8(f) issue should be taken up later and the ALJ permitted the parties to proceed with proof of injury, neglecting to point out that withdrawal of the Section 8(f) issue from consideration at the first hearing would constitute a waiver. In the *Egger* case, postponement to a later date would not have resulted in an alteration or modification of the award.

After the award for permanent total disability was announced, the employer sought to claim the Section 8(f) relief. The ALJ refused on the ground that it had been waived. On appeal to the Benefits Review Board, relief was allowed because the ALJ had not made it clear that withdrawal from the first hearing would constitute a waiver, no alteration of the award would result and the interests of justice would best be served by allowing the Section 8(f) relief. The Board made it clear that "hereafter the issue must be raised and litigated at the first hearing of the case." *Egger*, 9 BRBS at 899.

From the *Egger* opinion it appears that the special fund defense was raised in a timely manner and that the miscarriage of justice resulted from a mistake of the ALJ with impact upon a blameless party, the employer. It further appears that no exception was intended to the rule of procedure that a request for Section 8(f) relief must be brought up at the first hearing. Relief came from the fact that the ALJ misled the parties. Henceforth, having been warned, the parties must themselves shoulder the burden of compliance with the rule.

■ As above noted, the hearing in this case was held in 1978, while the *Egger*

decision was not made until 1979. The mistake of not raising the employer's Section 8(f) claim to relief had already been made before *Egger* was decided; therefore the *Egger* decision did not mislead the parties or their counsel in the instant case. With due deference to cases referring to "the *Egger* exception," no exception had been created before the mistake in procedure was made in this case. Furthermore, no miscarriage of justice can be laid to the ALJ. There are no facts in the case at hand which can support deviation from an established rule of procedure in the "interests of justice." [1]

The Board's reversal of the ALJ's order granting Section 8(f) relief is AFFIRMED.

---

1. Arguments by the parties concerning the retroactive effect of *Egger*, rulemaking by the court, and the effect of Rule 22 are all irrelevant to this opinion.